## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 9:20-CV-81763-MIDDLEBROOKS/Brannon

**SECURITIES AND EXCHANGE COMMISSION,**

**Plaintiff,**

**v.**

**KEVIN CARDENAS,**

**Defendant.**

_____/

### JUDGMENT AS TO DEFENDANT KEVIN CARDENAS

This cause comes before the Court upon the Order granting Plaintiff Securities and Exchange Commission's Unopposed Motion for Entry of Final Judgment Against Defendant Kevin Cardenas (the "Judgment"). By Consent of Defendant Kevin Cardenas ("Consent"), Cardenas has waived service of a summons and the Complaint, entered a general appearance, consented to the Court's jurisdiction over Defendant as well as the subject matter of this action, consented to entry of this Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph VII), waived findings of fact and conclusion of law, and waived any right to appeal from this Judgment. (*See* DE 3-4). The Court finds good cause exists for entry of the Judgment.

The Court further orders as follows:

### I.

### SECTION 10(b) AND RULE 10b-5 OF THE SECURITIES EXCHANGE ACT OF 1934

**IT IS HEREBY ORDERED AND ADJUDGED** that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") (15 U.S.C. § 78j(b)) and Rule 10b-5 promulgated

thereunder (17 C.F.R. § 240.10b-5), by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security,

     (a) to employ any device, scheme, or artifice to defraud;

     (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

     (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

by, directly or indirectly (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about: (A) any investment strategy or investment in securities; (B) the prospects for success of any product or company; (C) the use of investor funds; (D) compensation to any person; (E) Defendant's qualifications to advise investors; or (F) the misappropriation of investor funds or investment proceeds.

     **IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

## SECTION 17(a) OF THE SECURITIES ACT OF 1933

**IT IS HEREBY ORDERED AND ADJUDGED** that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") (15 U.S.C. § 77q(a)), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

by, directly or indirectly (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about: (A) any investment strategy or investment in securities; (B) the prospects for success of any product or company; (C) the use of investor funds; (D) compensation to any person; (E) Defendant's qualifications to advise investors; or (F) the misappropriation of investor funds or investment proceeds.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## III.

## SECTION 15(a)(1) OF THE EXCHANGE ACT

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 15(a)(1) of the Exchange Act (15 U.S.C. § 78o(a)(1)) by making use of any means or instrumentality of interstate commerce or of the mails and engaging in the business of effecting transactions in securities for the accounts of others, or inducing or effecting the purchase and sale of securities, while not registered with the Commission in accordance with the provisions of Section 15(b) of the Exchange Act, or while not associated with a broker-dealer that was so registered.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## IV.

## <u>SECTION 5 OF THE SECURITIES ACT</u>

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant is permanently restrained and enjoined from violating Section 5 of the Securities Act (15 U.S.C. § 77e), by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act (15 U.S.C. § 77h).

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:   (a) Defendant's officers, agents,

servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## V.

## DISGORGEMENT, PREJUDGMENT INTEREST AND CIVIL PENALTY

**IT IS HEREBY FURTHER ORDERED AND ADJUDGED** that Defendant shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act (15 U.S.C. § 77t(d)) and Section 21(d)(3) of the Exchange Act (15 U.S.C. § 78u(d)(3)). The Court shall determine the amounts of the disgorgement, prejudgment interest and civil penalty upon motion of the Commission. Prejudgment interest shall be calculated as of July 1, 2020, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

## VII.

## <u>CONSENT</u>

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## VII.

## <u>BANKRUPTCY NON DISCHARGEABILITY</u>

**IT IS FURTHER ORDERED AND ADJUDGED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendants, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendants under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendants of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## VIII.

## <u>RETENTION OF JURISDICTION</u>

**IT IS HEREBY FURTHER ORDERED** that this Court shall retain jurisdiction over this matter for the purposes of enforcing the terms of this Judgment.

## IX.

## <u>RULE 54(b) CERTIFICATION</u>

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

## X.

## <u>CONCLUSION</u>

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that, consistent with this Order,

**FINAL JUDGMENT** shall be entered against Defendant Kevin Cardenas.


**SIGNED** in Chambers at West Palm Beach, Florida, this 20th day of October, 2020.


Donald M. Middlebrooks
United States District Judge